UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-61085-CIV-COOKE/BRANDSTRA

SUSAN VARELLI,

    *Plaintiff*,

vs.

J.C. PENNEY CORPORATION, INC.,

    *Defendant*.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

    Plaintiff Susan Varelli brought suit against J.C. Penney Corporation seeking damages for injuries arising from a slip and fall incident in a store, a subsequent lawnmower blade accident, and a "black out" and fall in her home. J.C. Penney has moved for partial summary judgment. For the reasons below, the court grants Defendant's motion.

### *I. BACKGROUND*

    Ms. Varelli alleges that she slipped and fell on a wet substance inside a J.C. Penney store entrance, sustaining injuries. She was prescribed a painkiller medication to relieve the back pain caused by her fall. Approximately eleven months after the slip and fall accident, Ms. Varelli severely injured her fingers when she reached into the bottom of a running lawnmower to clean out grass clippings as requested by her mother. She argues that she stuck her fingers into the lawnmower because the painkiller medication clouded her judgment. Ms. Varelli also sued J.C. Penney for injuries she sustained after she lost consciousness while in her home, causing her to fall on her face. This incident occurred approximately twenty months after the initial slip and fall incident at the department store. Ms. Varelli alleges that she sustained injuries to her nose,

chin, and hand, and that her prior physical problems were aggravated. Ms. Varelli claims that her pain medication caused dizziness and led to her accident.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").  The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied.  *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### III.  DISCUSSION

J.C. Penney argues that partial summary judgment should be granted because Ms. Varelli fails to show that her initial slip and fall incident was the proximate cause of her lawnmower injury or the second fall in her home.  The injuries and damages related to the initial slip and fall incident are not the subject of this Motion for Partial Summary Judgment.

The proximate cause element concerns "whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred."  *McCain v. Florida Power Corporation*, 593 So. 2d 500, 502 (Fla. 1992).  Harm is considered "proximate" if a prudent person would expect the harm to likely result from the act or omission in question.  *Id.* at 503.  The trial court has discretion to remove an issue of remotely caused harm from the jury if an injury was unquestionably unforeseeable.  *Id.* at 503-04.  If an injury is caused by a "freakish and improbable chain of events," the injury cannot be considered "proximate."  *Id.* at 503.

In the Florida Supreme Court case of *National Airlines v. Edwards*, 336 So. 2d 545 (Fla. 1976), the plaintiff was a passenger on a flight that was hijacked to Cuba. Plaintiff alleged that the food and drink she consumed in Cuba caused her to become ill, physically and mentally disabled, and led to the loss of her earning capacity. Plaintiff argued that the injuries caused by the Cuban food and beverage were the direct and proximate result of the airline's negligence in failing to detect the hijackers' weapons and explosives during inspection. The court upheld the dismissal of her complaint, holding that the alleged injuries resulting from her food and beverage consumption were too remote to be recoverable. Such damages were not a proximate or probable consequence of the hijacking. The chain of causation was broken because the alleged injuries caused by the Cuban food and drink were an unforeseeable and bizarre consequence of the airline's original negligence. *Id.* at 546.

Similarly, in *Barati v. Aero Industries*, 579 So. 2d 176 (Fla. 5th DCA 1991), the plaintiff, a mechanic, was injured as he attempted to repair a pulley mechanism. The plaintiff climbed up a ladder to reach the pulley, rather than standing on more secure scaffolding. The cable slipped and the plaintiff fell to the pavement, suffering serious injuries. The court sustained the grant of summary judgment, stating that the plaintiff's "improvident choice of method to repair the mechanism was the efficient intervening cause of his injuries." *Id*. at 178. The plaintiff's use of the twelve-foot ladder was an independent cause that broke the chain of causation because it was a "remote, unforeseeable and bizarre consequence of the original negligence." *Id.*

Ms. Varelli has failed to satisfy the proximate cause element to show a causal connection between her original fall and her subsequent lawnmower injuries and second fall. Causation in fact is an essential element of proximate cause in a negligence claim. *City of Green Cove Springs v. Donaldson*, 348 F.2d 197, 200 (Fla. 5th DCA 1965). Her two later incidents were too

unforeseeable and remote to extend liability based on her initial fall in the J.C. Penney store. The lawnmower incident occurred approximately eleven months after the initial fall, and the second fall took place approximately twenty months later. J.C. Penney could not have reasonably foreseen that liquid on its floor could result in Ms. Varelli cutting her fingers on a moving lawnmower blade or blacking out at home many months later. The two subsequent incidents were not proximately caused by the original slip and fall incident; therefore, J.C. Penney is entitled to partial summary judgment as a matter of law. *Id.*

### IV. CONCLUSION

Accordingly, Defendant J.C. Penney's Motion for Partial Summary Judgment [D.E. 17] is granted.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 16th day of September 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:

All counsel of record